# MEMORANDA

OF CASES DESIGNATED BY THE COURT NOT TO BE REPORTED.

## FANNIE CHAPPELL CLARKE AND THOMAS C. CHAPPELL, TRUSTEE, vs. WM. J. O'BRIEN, TRUSTEE.

*Questions Decided in Former Appeals—Ratification of Auditor's Account.*

Appeal from Circuit Court No. 2, of Baltimore City (WICKES, J.) *Affirmed.*

There are two appeals in this record standing on the docket of the October Term, 1902, of this Court, as Nos. 89 and 90. The appeals are from an order of the Court below finally ratifying an auditor's account in a cause pending in the Circuit Court No. 2, of Baltimore City. This is the third time that proceedings in that cause have been brought to this Court for review. The first of the cases brought here is reported under the title of *Chappell v. Clarke*, in 92 Maryland Reports, at page 98. It there appears how the cause originated and what proceedings had been had therein up to the time of the appeal to this Court. Upon that appeal this Court reversed the order of the Court below which was brought up for review for certain irregularities, appearing in the proceedings, which are pointed out in the opinion filed. It was indicated how these irregularities could be cured and the Court said the orders were reversed on purely technical grounds and that the Court was not passing upon and its action did not affect "the merits of the controversy." The cause was remanded for further proceedings; and these being had in the Court below seven appeals from orders passed in the course of these proceedings were taken by the parties who have brought the present appeals. Four of them by the appellant in No. 90 Thomas C. Chappell, trustee, and the remaining three by the appellant in No. 89 Fannie Chappell Clarke. These appeals were brought up in one record and were disposed of by this Court in the

case reported in 94 Md. 178, in which it will appear that one was dismissed and in all the others the orders of the Court below were affirmed. The principal question raised and urged in this Court in the last mentioned appeals was as to the jurisdiction of the Court below; and its power to pass the original decree under authority of which the proceedings had been had; and also as to its power to pass orders which were the subject of appeal apart from its jurisdiction to pass the foundation decree. The decision of this Court affirmed the jurisdiction of the Court below in every instance. Upon the remand of the cause to the Court below further proceedings were had therein and from orders passed in the course of these further proceedings the present appeal were taken. From an examination of the record we find that in No. 90 precisely the same questions are presented in the present record as were presented and passed upon by this Court in the former appeals decided as reported in 94 Md., *supra*; and that in No. 89 the questions are practically the same as those thus passed upon. The proceedings as they have appeared in this Court upon the several appeals show that the appellant in No. 90 was removed as trustee by the Court below from the execution of a trust devolved upon him by will and that the appellee has been substituted as trustee in his stead. In the execution of the trust the appellee filed a report of his proceedings and asked to have an account stated by the auditor in relation thereto. Upon the filing of the account of the auditor the appellants here respectively filed exceptions thereto; but the Court finally ratified the account. In the first exception of the appellant in No. 89 to the account there is alleged want of sufficient notice of the filing thereof. The account was filed on the 4th of February, 1902. On the same day an order *nisi* was passed thereon giving ten days within which to show cause against its ratification. On the 12th of February the exceptions of both the appellants here were filed. They were thus in Court in time to be heard by the Court according to the exigency of its order and had full opportunity to be so heard. This exception needs no further comment. All of the other exceptions of both appellants are de-

signed to present questions already fully determined and settled by the former cases in this Court already referred to and none of them introduce new matter except the 7th and 9th exceptions of Fannie Chappell Clarke, appellant in No. 89. Of these last-mentioned exceptions the 7th; beyond repeating an exception to the jurisdiction of the Court, alleges matters totally irrelevant to any question involved in the ratification of the auditor's account. And the 9th alleges matters totally unsupported by anything appearing in the record as to the facts upon which it is grounded.

The order of the Court below will be affirmed in No. 89 of these appeals with costs. And it appearing that the appellant has been removed as trustee and having therefore no right to further interfere in that capacity with the trust being administered in the Court below the appeal in No. 90 will he dismissed upon the motion filed by the appellee.

Opinion by JONES, J., filed January 22, 1903. Submitted for appellants on briefs by *Fannie C. Clarke* and *Thos. C. Chappell* "appearing specially." *William J. O'Brien*, for the appellee.